REQUESTED BY: Mr. Alfonza Whitaker, Executive Director Nebraska Equal Opportunity Commission
You have requested an Attorney General's Opinion regarding a possible conflict of interest involving the Nebraska Equal Opportunity Commission. Specifically, you wanted an opinion regarding the propriety of the NEOC investigating and making determinations on complaints when the complaint has been initiated by the NEOC. We conclude that no conflict of interest exits.
The Nebraska Fair Housing Act states:
 An aggrieved person may, not later than one year after an alleged discriminatory housing practice has occurred or terminated, file a complaint with the commission alleging such discriminatory housing practice. The commission, on its own initiative, may also file such a complaint.
Neb. Rev. Stat. § 20-326(1)(a)(i) (emphasis added).
According to the statute, the commission is authorized to file a complaint of housing discrimination. As with all housing discrimination complaints, the NEOC then is required to investigate the alleged discriminatory practice. Neb. Rev. Stat. § 20-326(1)(b)(iv). At the end of the investigation of the complaint, the commission shall prepare a final investigative report which is then forwarded to the commissioners for a determination of cause. Neb. Rev. Stat. § 20-328; Neb. Rev. Stat. § 20-333(1)(a). If the commission determines that reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur, it shall immediately issue a charge on behalf of the aggrieved person for further proceedings under the act. Neb. Rev. Stat. § 20-333(1)(b)(i).
Once a charge has been issued, a complainant, a respondent, or an aggrieved person on whose behalf the complaint was filed may elect to have the matter heard in a civil action in District Court. Neb. Rev. Stat. § 20-335. If none of the parties file a timely election to have the matter heard in District Court, the commission shall set the matter for a public hearing. Neb. Rev. Stat. § 20-336(1).
The role of an administrative agency such as the NEOC can be analogized to the role of a grand jury investigation. Administrative agencies are granted investigative powers that are inquisitional in nature and are separate from their quasi-judicial functions. 73 C.J.S., Public Administrative Law Procedure, § 78.
 An adjudicatory hearing before a public administrative body is a quasi-judicial proceeding in which factual determinations are made and, thus, is considered adjudicatory in nature. The purpose of an adjudicatory hearing has been said to test the evidence discovered and procured in an investigatory hearing upon a record in an adversary proceeding before an independent officer to determine whether it sustains whatever charges are based upon it. An adjudicatory proceeding before an administrative officer or body is not an action at law.
73A C.J.S., Public Administrative Law Procedure, § 116
(emphasis added).
Because public hearing officers are appointed by the NEOC, pursuant to rules and regulations promulgated by the NEOC, there may be a perception that a conflict of interest exists when the NEOC files a complaint on its on initiative, investigates the complaint, makes a determination of reasonable cause, and then has the matter heard before a hearing officer appointed by the NEOC. The NEOC could respond to this perception by pointing out that all hearing officers are required, by statute, to meet the qualifications of a judge in the district court. Neb. Rev. Stat. § 20-336(1). A party who is dissatisfied with the decision of the hearing officer has the opportunity to appeal to district court where the court will review the case de novo on the record. Neb. Rev. Stat. §§ 20-229(1) and 84-917(5) (a).
If there are still concerns about the appearance of a conflict of interest, the NEOC could, as an alternative to having a complaint heard at a public hearing, elect to have the matter heard in District Court.
Regardless of whether a complaint initiated by the NEOC is adjudicated at a public hearing or in District Court, the commission has statutory authority to initiate such complaints.
Sincerely,
 DON STENBERG Attorney General
 Suzanna Glover-Ettrich Assistant Attorney General
APPROVED BY:
Don Stenberg
Attorney General